No. 9872
Orleans

---

ELIZABETH FOSTER, Appellant, v. NEW ORLEANS PUBLIC SERVICE INC. ET AL.

---

(February 1, 1926, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Street and Interurban Railways—Par. 34.**

An injury to a passenger creates a presumption of negligence on the part of the carrier. But the presumption may be rebutted where a collision occurs between a street car and a truck caused by the backing of the truck across the car track for the purpose of turning around, the driver of the truck having seen the car before starting to back and calculated erroneously that there was sufficient time to complete his turning movement.

**(Civil Code Article, 2315.   Editor's note.)**

Appeal from Civil District Court, Division "F", Hon. Percy Saint, Judge.

This is a suit for damages arising out of a collision between a truck and a street car. There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

Geo. Piazza, of New Orleans, attorney for plaintiff, appellant.

B. W. Kernan and Scott Beer, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.   Plaintiff sues the New Orleans Public Service, Inc., as the operator of a street car, and Peter Abinanti as the proprietor of an automobile truck, in solido, for physical injuries al-

leged to have resulted from a collision between the street car and the truck. Both defendants denied all responsibility for the accident. There was judgment for defendants dismissing plaintiff's suit, and plaintiff has appealed.

Plaintiff invokes the well established rule to the effect that an injury to a passenger creates a presumption of negligence on the part of a carrier. Hopkins vs. N. O. Ry. & Light Co., 150 La. 61, 90 South. 512. Frazier vs. South New Orleans Light & Traction Co., 8609 Orl. App.; Steinhardt vs. Hibernia Bank & Trust Co., 9071 Orl. App. But the presumption may be rebutted by the evidence and in this case there is clearly no fault attributable to the street car and it is equally clear that the truck was entirely to blame. The driver of the truck was backing across the car track in front of the oncoming street car. His purpose in backing was to turn around, a common practice of drivers of automobile vehicles, particularly where there is not sufficient space to turn by a forward movement. He thought he had time enough to back on and drive off the track before the street car reached the locality. He might have succeeded had it not been for the fact that his truck or one of the wheels thereof bogged a little in a hole on the track, delaying him a few seconds. That the driver of the truck was negligent is self-evident. Res ipsa loquitur. But plaintiff says the street car was to blame under the doctrine of the last clear chance. The motorman, it is insisted, could have prevented the accident because he saw the truck backing toward the car track when forty-five feet away, and at a time when the car was moving only five or six miles per hour. It is argued that there was ample opportunity to stop the street car in that distance at that speed. No doubt there was, but we cannot assume that because the motorman saw the truck backing toward the car track that he knew or had any reason to surmise that the truck would continue to back and place itself directly across the track. It would be more reasonable to suppose that the driver of the truck would stop short of the car tracks as the prudent and proper thing to do. It must be remembered that street cars are fixed in their prescribed course by the rails upon which they travel, whereas, other vehicles move in all directions at the will of the driver, consequently, street cars are given the right of way on their tracks and vehicular and pedestrian traffic is charged with the knowledge thereof.

As to the quantum, it must be nominal. Plaintiff says that the jar of the collision threw her backward and caused her head to strike against some part of the car. She claims to have suffered for a considerable period after the accident and at the time of the trial, something more than a year later, she testified that she was still suffering. But she is not supported by anybody or anything connected with the transaction. No doctor testified in the case and no other witness knew of her injury, though a number of her fellow passengers took the witness stand. The collision was not a violent one. The truck was very slightly damaged, though it was a small Ford truck. The driver of the truck was able to drive away after the accident in his truck, the collision did not even stop his engine. We will allow one hundred dollars.

For the reasons assigned, the judgment appealed from is amended insofar as it is in favor of the defendant, Peter Abinanti, and it is now ordered that there be judgment in favor of plaintiff, Elizabeth Foster and against the defendant, Peter Abinanti, in the sum of $100.00, and all costs. In other respects, the judgment is affirmed.